**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 19-10236 |
| Johnson Publishing Company, LLC, | ) | Honorable Jack B. Schmetterer |
| | ) | |
| Debtor. | ) | Hearing Date: Tues., April 30, 2019 |
| | ) | at 10:00 a.m. |

## NOTICE OF MOTION

**TO:  See Attached Service List**

**PLEASE TAKE NOTICE** that on **Tuesday, April 30, 2019** at the hour of **10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jack B. Schmetterer**, Bankruptcy Judge, in **Courtroom 682** usually occupied by him as a courtroom in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in his stead, and shall then and there present the attached **Motion of Capital Holdings V, LLC for Relief from the Automatic Stay**.  A copy of which is attached and hereby served on you.

**AT WHICH TIME AND PLACE YOU MAY APPEAR IF YOU SO SEE FIT.**

**CAPITAL HOLDINGS V, LLC**

/s/Jeffrey M. Schwartz

**Jeffrey M. Schwartz (02045427)**
Much Shelist, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000
(312) 521-2100
jschwartz@muchlaw.com

## CERTIFICATE OF SERVICE

I, Jeffrey M. Schwartz, an attorney, affirms that on April 22, 2019, he served a copy of the attached Motion with exhibits upon those individuals listed on the service list through the Court's CM/ECF system and by depositing same in the U.S. Mail to those individuals as indicated.

/s/ Jeffrey M. Schwartz

## SERVICE LIST

Office of the U.S. Trustee
219 S. Dearborn Street, Suite 873
Chicago, IL 60606

Johnson Publishing Company, LLC
200 S. Michigan Avenue, Suite 900
Chicago, IL 60604
**Via U.S. Mail**

Brian E. Greer
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
brian.greer@dechert.com

Miriam R. Stein
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
mstein@chukah.com

Howard L. Adelman
Adelman & Gettleman Ltd.
53 W. Jackson Blvd., Suite 1050
Chicago, IL 60604
hla@ag-ltd.com

Steven B Chaiken
Adelman & Gettleman
53 W Jackson Blvd, Ste. 1050
Chicago, IL 60604
schaiken@ag-ltd.com

N. Neville Reid
Fox, Swibel, Levin & Carroll, LLP
200 W. Madison, Suite 3000
Chicago, IL 60606
nreid@foxswibel.com

Ryan T Schultz
Fox Hefter Swibel Levin & Carroll LLP
200 W Madison Street, Suite 3000
Chicago, IL 60606
rschultz@foxswibel.com

Brian Wilson
Fox, Swibel, Levin Carrill, LLP
200 West Madison St., Ste. 3000
Chicago, IL 60606
bwilson@foxswibel.com

J. Mark Fisher
Schiff Hardin, LLP
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606
mfisher@schiffhardin.com

Randall L. Klein
Goldberg Kohn, Ltd.
55 E. Monroe Street, Suite 3300
Chicago, IL60603
Randall.Klein@GoldbergKohn.com

Eva D. Gadzheva
Goldberg Kohn, Ltd.
55 E. Monroe Street, Suite 3300
Chicago, IL60603
Eva.Gadzheva@GoldbergKohn.com

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 19-10236 |
| Johnson Publishing Company, LLC, | ) | Honorable Jack B. Schmetterer |
| | ) | |
| Debtor. | ) | Hearing Date: Tues., April 30, 2019 |
| | ) | at 10:00 a.m. |

**MOTION OF CAPITAL HOLDINGS V, LLC FOR
RELIEF FROM THE AUTOMATIC STAY**

Capital Holdings V, LLC (the "**Movant**") by and through its attorneys, Much Shelist, P.C. and Dechert LLP, hereby moves (the "**Motion**"), pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay, and in support thereof respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Movant is a creditor of the above-captioned debtor (the "**Debtor**"), secured by an iconic collection of images documenting 70 years of the African-American experience (the "**Archive**" or "**Collateral**"). The Archive contains thousands of images of notable African-American figures, from Martin Luther King Jr. to Stevie Wonder.

2. Upon information and belief, the Archive sits uninsured in a leased storage facility and in the Debtor's leased premises. Under these circumstances, the risk of inadvertent disaster cannot be overstated. As the world has seen in recent days, historical icons are not immune from catastrophe and can be destroyed within minutes. Such risk is especially prevalent for fragile photographs and other media. The lack of insurance coverage for the Archive not only puts an iconic historical asset at substantial risk, but also risks any recovery to the Movant on account of its secured claim.

3. Furthermore, the Debtor's estate will not be harmed if the Court grants the relief sought herein and permits the Movant to exercise its state law remedies to foreclose upon and

protect the Archive because the Debtor's estate has no equity in the Archive and it is not necessary for an effective reorganization. As discussed below, the Archive has been marketed for years, and the Debtor has been unable to enter into a binding asset purchase agreement. Moreover, given the importance of having assets of the estate insured, the Handbook for Chapter 7 Trustees mandates that the Trustee abandon the Archive to Movant so that the Archive and Movant's interest therein can be preserved.[1]

4. Accordingly, the Court should grant the relief sought herein and permit the Movant to exercise its state law remedies to foreclose upon and protect the Archive and its interest therein.

## JURISDICTION

5. This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are 11 U.S.C. § 362(d) and Federal Rules of Bankruptcy Procedure 4001 and 9014.

## BACKGROUND

7. On May 7, 2015, Movant and Debtor entered into a Loan and Security Agreement (the "**Loan Agreement**") wherein the Debtor requested and Movant agreed to extend a term loan credit facility to the Debtor on the terms and conditions set therein. The loan subject to the Loan Agreement matured on May 7, 2016 and has been in default for approximately three years. The

---

[1] A chapter 7 trustee has "the duty and responsibility to insure and safeguard all estate property and property that comes into the trustee's hands by virtue of his appointment." U.S. Department of Justice Handbook for Chapter 7 Trustees 6.L. (last updated May 7, 2015). When property is fully secured and of no value to the debtor's estate, "the trustee should contact the secured creditor immediately so that the secured creditor can obtain insurance or otherwise protect its own interest in the property." *Id*. In addition, the trustee "should immediately abandon fully secured property or uninsured property of no value to the estate." *Id*.

principal amount of the loan was $12,000,000 (the "**Principal Amount**"). As of the Petition Date, the Debtor owes Movant approximately $13,600,000 including principal and unpaid interest. A true and correct copy of the Loan Agreement and related loan documents are attached hereto as **Exhibit A**.

8. Under the Loan Agreement, the Debtor granted Movant a continuing security interest in the Archive, including, but not limited to, the following:

> Each Credit Party's now owned or hereafter acquired right, title and interest in and to the Archive, together with the proceeds and products, whether tangible or intangible, thereof, including proceeds of insurance covering any or all of the foregoing, and any and all money or other tangible or intangible rights and property resulting from the sale, exchange, collection or other disposition of any of the foregoing, or any portion thereof or interest therein, and the proceeds thereof.

9. The Archive consists of all Goods (as defined in the New York Commercial Code) that constitute Debtor's collection of photographs, videos, films, negatives, recordings, videotape and related materials chronicling historic moments and figures in African American culture. A true and correct copy of the list of the Collateral is attached to **Exhibit A** as **Schedule A-1** and **Schedule A-2**. Movant perfected its security interest in the Collateral by filing a UCC Filing Statement with the office of the Secretary of State for the State of Delaware on May 11, 2015, attached hereto as **Exhibit B**.

10. Upon information and belief, following the Debtor's entry into the Loan Agreement up until the Petition Date, the Debtor attempted to sell the Archive. During this time, the Debtor entered into discussions with potential purchasers and entered into agreements with third parties, including an agreement with an art advisory firm and a leading auction house, to assist in identifying purchasers to effectuate a sale. Despite these efforts and a marketing process

that has spanned years, the Debtor has not been able to enter into a binding asset purchase agreement for the Archive.

## RELIEF REQUESTED

11. Based on the undisputed facts set forth above, Movant respectfully submits that it is entitled to relief from the automatic stay pursuant to 11 U.S.C § 362(d)(1) and (2), by terminating the stay as to Movant and any actions Movant may take to foreclose upon and with respect to the Collateral.

## BASIS FOR RELIEF

### A.    Movant's Security Interest in the Collateral is Not Adequately Protected Due to Lack of Insurance

12. Movant is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1), which provides relief from the stay, including termination of the stay, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

13. A party lacks adequate protection "if there is a threat of a decline in the value of the property." *In re Delaney-Morin*, 304 B.R. 365, 370 n. 3 (B.A.P. 9th Cir. 2003) (citing *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994)). "A threat to decline includes failure to maintain property insurance." *In re Delaney-Morin*, 304 B.R. at 370 n. 3 (citing *In re Elmira Litho*, 174 B.R. at 902 n. 9); *see also Hadley v. Victory Construction Co., Inc.* (*In re Victory Construction Co., Inc.*), 37 B.R. 222, 226 (9th Cir. BAP 1984) (preserving the automatic stay, conditioned on the debtor keeping current fire insurance); 3 COLLIER ON BANKRUPTCY ¶ 362.07[4] (2018) ("Adequate protection may also require properly insuring the collateral against loss or damage, and taking other steps to protect the collateral against loss or deterioration.").

14. When a debtor fails to maintain insurance on the collateral, courts will modify the automatic stay unless insurance is obtained within a reasonable time. *See, e.g.*, *In re Ausherman*, 34 B.R. 393 (Bankr. N.D. Ill. 1983). Courts have noted that the lack of contractually required insurance alone constitutes "cause" for seeking relief from the automatic stay. *See In re Herrin*, 325 B.R. 774, 778 (Bankr. N.D. Ind. 2005).

15. Upon information and belief, the Debtor has failed in recent efforts to obtain insurance covering the Archive. Given the Archive's fragility, ensuring that insurance is in place immediately is imperative to preserving its value and historical significance. Each day that passes without insurance presents an untenable risk for the Archive and the Movant. Accordingly, unless insurance is immediately put in place, the Trustee cannot adequately protect Movant's interest in the Archive.[2]

16. In light of the urgent nature of the relief requested herein, Movant requests that the provisions of Bankruptcy Rule 4001(a)(3) not apply to the relief sought.

### B. The Debtor Lacks Equity in the Collateral

17. The Movant also is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2), which provides for relief from the stay, including termination of the stay, if (1) the debtor does not have any equity in property; and (b) the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

18. A debtor lacks "equity" if the aggregate amount of claims secured by property is greater than the property's value. *See In re Stincic*, 559 B.R. 890, 898 (Bankr. W.D. Wis. 2016); *In re Highland Park Assocs. Ltd. P'ship I*, 130 B.R. 55, 57 (Bankr. N.D. Ill. 1991); *Pegasus*

---

[2] Movant reserves any and all rights, remedies, and claims against the Debtor, its estate and the Trustee to the extent any loss occurs as a result of the Trustee's failure to insure or otherwise protect the Archive and Movant's security interest therein. U.S. Department of Justice Handbook for Chapter 7 Trustees 6.L. (last updated May 7, 2015) ("If a loss occurs as a result of the trustee's failure to insure or protect estate property, the trustee could be subject to liability including a surcharge.").

*Agency v. Grammatikakis (In re Pegasus Agency)*, 101 F.3d 882, 886 (2d Cir. 1996); *Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs., Ltd)*, 61 F.3d 197, 206 (3d Cir. 1995).

19. Here, there is no equity value in the Archive. As discussed above, the Debtor's marketing and sale process has spanned years and has not resulted in any binding offers to purchase the Archive. In addition, the Archive is not necessary for the Debtor's reorganization since this is a chapter 7 liquidation case in which there will be no reorganization.

WHEREFORE, Movant respectfully requests that the Court grant the Motion and terminate the automatic stay to the extent necessary to permit Movant to foreclose upon and protect the Archive, waive the stay provided for by Bankruptcy Rule 4001(a)(3), and grant Movant such other relief as is just and appropriate.

Dated: April 22, 2019

Respectfully submitted,

**Capital Holdings V, LLC**

/s/ Jeffrey M. Schwartz
Jeffrey M. Schwartz (ARDC No. 6209982)
Much Shelist P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
Phone: 312-521-2000
jschwartz@muchlaw.com

and

Brian E. Greer (pro hac vice motion to be filed)
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Phone: 212-698-3500
brian.greer@dechert.com