# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 19-10236 |
| Johnson Publishing Company, LLC, | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | **Date: May 9, 2019** |
| | ) | **Time: 10:30 a.m.** |

## NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF
## ORDER AUTHORIZING THE TRUSTEE TO OBTAIN CREDIT
## PURSUANT TO 11 U.S.C § 364

PLEASE TAKE NOTICE that on **May 9, 2019,** at **10:30 A.M.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer, or any judge sitting in his stead, in Courtroom 682, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Trustee's Motion For Entry of Order Authorizing the Trustee to Obtain Credit Pursuant to 11 U.S.C. § 364** at which time and place you may appear as you see fit.

| | |
|---|---|
| Dated: May 3, 2019 | **Miriam R. Stein, not individually, but solely in her capacity as the chapter 7 trustee for the bankruptcy estate of Johnson Publishing Company, LLC** |
| | By:  */s/ N. Neville Reid* |
| | Fox, Swibel, Levin & Carroll, LLP, |
| | General Bankruptcy Counsel to the Trustee |

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph: 312.224.1200
Fx: 312.224.1201

## CERTIFICATE OF SERVICE

I, N. Neville Reid, certify that on May 3, 2019, I caused a copy of the foregoing **Trustee's Motion For Entry of Order Authorizing the Trustee to Obtain Credit Pursuant to 11 U.S.C. § 364** to be filed electronically through the Court's CM/ECF filing system and to be served upon the attached Service List by the Court's ECF filing system, as indicated.

*/s/ N. Neville Reid*
N. Neville Reid

## SERVICE LIST

**Party to receive notice electronically via CM/ECF:**

Patrick S Layng, U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Howard L. Adelman, *counsel to the Debtor*
hla@ag-ltd.com

Steven B Chaiken, *counsel to the Debtor*
schaiken@ag-ltd.com

Randall Klein and
Eva D. Gadzheva, *counsel to creditor Desiree G. Rogers*
Randall.Klein@GoldbergKohn.com
Eva.Gadzheva@GoldbergKohn.com

J. Mark Fisher, *counsel to Linda Johnson Rice*
mfisher@schiffhardin.com

Brian Greer, *counsel to Capital Holdings*
brian.greer@dechert.com

**Party to receive notice via Overnight Mail:**

Johnson Publishing Company, LLC
200 S. Michigan Ave., Suite 900
Chicago, IL 60604
*dba* Fashion Fair Cosmetics
**via U.S. Mail First Class or Overnight Mail As Indicated:**

3474394 v3 -

## *All Secured Creditors (Overnight Mail)*

Capital Holdings V, LLC
300 Montgomery Street, #1050
Attn: Natalie D. Talbott
San Francisco, CA 94104

Capital Holdings V, LLC
c/o Dechert LLP
Attn: Jay R. Alicandri, Esq.
1095 Avenue of the Americas
New York, NY 10036

JPMorgan Chase Bank, N.A.
10 S. Dearborn St.
Mail Code IL1-P001
Chicago, IL 60603-2300

Desiree Rogers
c/o Randall Klein
Goldberg Kohn
55 East Monroe Street, Suite 3300
Chicago, IL 60603-5792

Franklin Capital Holdings, LLC
600 Central Avenue, #212
Highland Park, IL 60035

Linda Johnson Rice c/o J. Mark Fisher
Schiff Hardin
233 South Wacker Drive, Suite 7100
Chicago, IL 60606

## *20 Largest Unsecured Creditors (Overnight Mail Unless Otherwise Indicated)*

Branden R. Bell and Brian E. Bell
c/o M. Brice Ladson, Esq.
Ladson Law Firm, P.C.
P.O. Box 2819
Richmond Hill, GA 31412

Branden R. Bell and Brian E. Bell
c/o Oliver Maner, LLP
218 West State St.
Savannah, GA 31401

Fry Communications, Inc.
800 W. Church Road
Mechanicsburg, PA 17055

Fry Communications, Inc.
115 W. Main St.
Mechanicsburg, PA 17055

Kolmar Laboratories, Inc.
P. O. Box 95000-4175
Philadelphia, PA 19195-0001

Advanced Distribution Systems, Inc.
105-107 Stonehurst Ct.
Northvale, NJ 07647

World Wide Packaging, LLC
15 Vreeland Road, Suite #4
Florham Park, NJ 07932-2201

World Wide Packaging, LLC
c/o John M. George, Esq.
Katten & Temple LLP
209 South LaSalle Street, Suite 950
Chicago, IL 60604

CDS Global
Paul Polus, CFO
1901 Bell Avenue
Des Moines, IA 50315-1099

CDS GLOBAL, INC.
c/o CT Corporation System – RA
400 E Court Ave
Des Moines, IA 50309

2

3474394 v3 -

| | |
|---|---|
| Kolmar Laboratories, Inc.<br>c/o the Prentice Hall Corporation System<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110 | Dillards<br>1600 Cantrell Road<br>Little Rock, AR 72201 |
| Kolmar Laboratories, Inc.<br>c/o Knowlton Development<br>255 Roland-Therrien, Suite 100<br>Lomgueuil, Quebec J4H 4A6 Canada<br>(via International First Class) | Baker & McKenzie LLP<br>c/o Edward J Zulkey – RA<br>300 East Randolph Dr., Suite 4300<br>Chicago, IL 60601 |
| Advance Distribution Systems<br>1100 Summer Street<br>Stamford, CT 06905 | Baker & McKenzie<br>300 East Randolph Street, Suite 5000<br>Chicago, IL 60601-6384 |
| Macy's<br>Attn: Legal Department<br>7 West Seventh Street<br>Cincinnati, OH 45202 | Alwyns LLP<br>Crown House<br>151 High Road<br>Loughton, Essex, IG10 4LG<br>(via International First Class) |
| RCPI Landmark Properties, LLC<br>P.O. Box 33173<br>Newark, NJ 07188-3173 | Subscription Data Processing, LLC<br>P.O. Box 661<br>Morrison, CO 80465 |
| Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603 | Subscription Data Processing, LLC<br>c/o Anthony Vincent Piscopo – RA<br>5499 Willow Springs Dr.<br>Morrison, CO 80465 |
| Sidley Austin LLP<br>c/o Timothy F. Bergen - RA<br>1 South Dearborn Street<br>Chicago, IL 60603 | Subscription Data Processing, LLC<br>c/o Daniel J. Abrahamy, Esq.<br>2255 Glades Road, Suite 400-E<br>Boca Raton, FL 33431 |
| 200 S. Michigan LLC<br>200 South Michigan Ave., Suite 510<br>Chicago, IL 60604 | Neal & McDevitt, LLC<br>1776 Ash Street<br>Northfield, IL 60093-3001 |
| 200 S. Michigan LLC<br>c/o Illinois Corporation Service C – RA<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703 | Neal & McDevitt, LLC<br>c/o Duggan Bertsch, LLC – RA<br>303 W. Madison St., Suite 1000<br>Chicago, IL 60606/ |
| 200 S. Michigan LLC<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 | McGuire Woods London LLC<br>11 Pilgrim Street<br>London, EC4V 6RN<br>(via International First Class) |

3474394 v3 -

Jones Day
77 W. Wacker Drive
Suite 3500
Chicago, IL 60601

American Express
1200 W. 7th St. L2-200
Los Angeles, CA 90017

American Express
c/o Zwicker & Associates
Attn: Daniel Moken, Esq.
1105 Laurel Oak Rd., Suite 136
Voorhees, NJ 08043

ABA Packaging Corporation
Attn: Ralph Agoglia, CEO
38 Old Brook Road
Dix Hills, NY 11746

### *IRS*

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Lord & Taylor
250 Vesey Street
21st Floor
New York, NY 10281

ABA Packaging Corporation
740 Blue Point Road
Holtsville, NY 11742

ABA Packaging Corporation
c/o The CKB Firm
30 North LaSalle Street, Suite 1520
Chicago, IL 60602

4

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 19-10236 |
| Johnson Publishing Company, LLC, ) | |
| ) | Hon. Jack B. Schmetterer |
| Debtor. ) | |
| ) | **Date: May 9, 2019** |
| ) | **Time: 10:30 a.m.** |

**TRUSTEE'S MOTION FOR ENTRY OF
ORDER AUTHORIZING THE TRUSTEE TO OBTAIN CREDIT
PURSUANT TO 11 U.S.C § 364**

Miriam R. Stein, not individually, but solely in her capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Johnson Publishing Company, LLC (the "Debtor"), by and through her general bankruptcy counsel, Fox Swibel Levin & Carroll LLP ("FSLC"), hereby moves (the "Motion") pursuant to Sections 102, 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"), for entry of an order authorizing the Trustee to obtain credit from Capital Holdings V, LLC, one of the Debtor's pre-petition secured creditors ("Capital Holdings" or "Lender"), initially on an interim basis on the terms set forth herein and in the attached proposed order (the "Interim Order"), subject to entry of a final order consistent therewith (the "Final Order") at a subsequent hearing to be set by the Court. In support of the Motion, the Trustee respectfully represents and states as follows:

3474394 v3 -

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for relief requested herein are Sections 102, 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 6004.

## PRELIMINARY STATEMENT

3. By this Motion, the Trustee seeks approval of limited funding from Capital Holdings which will allow the Trustee to conduct an auction of the Estate's most valuable asset, the collection of images, audio and video cassettes documenting African-American History for the last seventy years (the "Archive"). As more fully set forth below, the purpose of the loan is to provide the Estate with funds to pay current and anticipated costs associated with the marketing and sale of the Archive, including the costs of insuring it prior to sale. The Trustee submits that, given the value and nature of the Archive, it is imperative to its continued preservation that the Trustee be permitted to use funds from the Loan (as defined below) as soon as practicable.

## STATEMENT PURSUANT TO BANKRUPTCY RULE 4001(C)

4. As more particularly set forth in the proposed agreed order between the Trustee and Capital Holdings appended hereto (which for simplicity shall serve as the Line of Credit Agreement herein), the summary of Line of Credit Agreement is as follows:

    a. **Lender:** Capital Holdings.

b.      **Borrower:**  The Trustee on behalf of the Estate.

c.      **Borrowing Amount/Limit:**  Amount required to fund the purposes set forth in ¶4(e) below (the "Loan").

d.      **Interest Rate:**  Non-default rate under the Loan Agreement – one percent (1%).  (Proposed Order, ¶1)

e.      **Use of Loan Proceeds – Expenses:**  (i) Insurance for the Archive (which has been procured by the Trustee from Seneca; the "Insurance Expenses"); (ii) expenses related to moving the part of the Archive currently located at 200. S. Michigan (the Debtor's principal place of business) to the ICON Group storage facility located at 2747 W. Taylor (where the remainder of the Archive is currently stored) ("ICON" and such expenses the "Moving Expenses"); (iii) storage costs through July 26, 2019 not to exceed $4,000 in total or such higher amount as approved by the Lender in writing (the "Storage Costs");  (iv) salary for employees Vickie Wilson and John Roach, key employees of the Debtor whose services are necessary to market the Archive, not to exceed $13,484 in total ("Select Employee Expenses"); and (v) expenses incurred by the Trustee related to the advertising for, marketing and sale of the Archive, up to $45,000 (the "Marketing Expenses").  (Proposed Order, ¶¶1(a), 6)

f.      **Use of Loan Proceeds – Legal Fees and Trustee Fees**:  The Loan Proceeds may also be used for (i) legal fees of the Trustee for FSLC in connection with FSLC legal services for this bankruptcy case (incurred before the earlier of closing of the sale of the Archive, lifting of the stay to permit Lender to foreclose on the Archive or July 26, 2019), up to $150,000 (the "Legal Fees Carveout");  and (ii) the Trustee's fees payable under Section 326 of the Bankruptcy Code, in the amount of $100,000 on the first $13 million of proceeds realized from any sale of the Archive to a third party or any transfer of the Archive to Capital Holdings

3

3474394 v3 -

(the "Trustee Fee Carve Out"); provided that the Trustee shall be entitled to the full statutory fee allowable under Section 326 of the Bankruptcy Code (less the Trustee Fee Carve Out) to be paid from available funds of the Estate. (Proposed Order, ¶5)

g. **Loan Funding and Draws:** Capital Holdings' advances hereunder and its reasonable attorneys' fees and expenses shall be deemed advances under Capital Holdings' pre-petition Loan Agreement with the Debtor dated May 7, 2015 and the Protective Advance Agreement dated April 5, 2019 (the "Loan Agreement")[1]. Capital Holdings' advances for the Insurance Expenses and Moving Expenses shall be made immediately upon entry of the interim order providing the relief requested herein; advances for the Moving Expenses, Storage Costs, Marketing Expenses and Select Employee Expenses (collectively, the "Funded Expenses") shall be made immediately upon entry of the final order approving the relief herein; advances for the Legal Fees Carve Out and Trustee Fee Carve Out (collectively, the "Professional Fees Carve Outs") shall be made upon closing of any sale of the Archive to a third party or to Capital Holdings (as a potential credit bidder at any sale of the Archive), any termination of the automatic stay permitting Capital Holdings to receive possession of or foreclose on the Archive or any other transfer of title to or possession of the Archive to Capital Holdings. (Proposed Order, ¶¶5,6)

h. **Security:** As collateral security for repayment of the Loan, (i) the Archive shall not be subject to any liens, claims and encumbrances, except for those liens, claims and encumbrances expressly permitted in the Interim and Final Orders, and (ii) Capital Holdings shall (a) continue to have a first priority lien on the Archive, (b) have a first priority lien on the

---

[1] A copy of the Loan Agreement without exhibits is attached hereto as **Exhibit A,** and a copy of the agreement with exhibits (in excess of 75 pages) is attached to Capital Holdings' Stay Relief Motion [Dkt. No. 19] as Exhibit A thereto. Given the limited resources of the Estate and the size of the exhibits, copies of the Loan Agreement exhibits will be made available upon request to persons unable to retrieve them from the docket of this case.

net proceeds of the sale of the Archive remaining after payment of the Professional Fees Carve Outs and the Funded Expenses (the "Collateral"), and (c) have a superpriority administrative expense claim against the Estate, other than any funds necessary to pay the Funded Expenses and the Carve Outs. (Proposed Order, ¶¶2,3)

        i.    **Repayment:** The Trustee shall repay, from the proceeds of sale of the Archive remaining after payment of the Funded Expenses and the Carve Outs (the "Net Sale Proceeds" and the Funded Expenses and Carve Outs collectively the "Expenses and Carve Outs"), all amounts funded plus any accrued interest thereon. Such repayment, if funds are available, shall be made in cash upon the closing of the sale of the Archive. If funds are not available to repay Capital Holdings at such closing, such amounts shall not be payable by the Trustee or the Estate, but shall be included in Capital Holdings' claim against the Estate. The Estate may repay the Loan at any earlier time and without penalty. (Proposed Order, ¶¶1(a), (b) and (c))

        j.    **Challenge Period:** The Trustee will have the right to review and investigate, or pursue, any potential claims against Capital Holdings through July 26, 2019, after which date any such challenges or claims by the Trustee against Capital Holdings shall be barred. The Trustee's and the Debtor's stipulations and agreements in the Line of Credit Agreement shall be binding on the Estate and its creditors. (Proposed Order,¶10)

        k.    **Stay Relief:** In the event an auction of the Archive does not occur by July 1, 2019 or such later date as determined by the Trustee or the Court, or if the sale of the Archive does not otherwise close by July 26, 2019, the stay will be terminated to permit Capital Holdings to foreclose on the Archive, subject to the Trustee's right to receive any surplus owed

the Estate from any foreclosure sale of the Archive pursuant to the Uniform Commercial Code. (Proposed Order, ¶4)

l. **Cross Collateralization:** There is no cross collateralization.

m. **506(c) Waiver:** The attached order provides that, in exchange for the agreement to provide funding, the Trustee, the Debtor and the Debtor's estate waive any right to surcharge Capital Holdings, its claims, the Archive or the proceeds thereof, or to assert or make a claim for any other costs, expenses of administration or other charge, lien or assessment (other than the Loan amounts) against Capital Holdings, its claims, the Archives or the proceeds thereof under 11 U.S.C. §§ 105, 506(c), 552 or otherwise, except that Capital Holdings agrees to waive any objection under Section 506(c) or otherwise to the use of its collateral to fund the Loan and pay the Expenses and Carve Outs. (Proposed Order, ¶8).

n. **Pre-Petition Secured Creditor Liens:** The order contains no provisions that immediately grant to Capital Holdings liens on the Debtor's claims and causes of action arising under §§ 544, 545, 547, 548, and 549.

o. **Provisions that Prime Secured Liens:** There are no provisions that prime secured liens, as the only lien that is being primed is that of Capital Holdings.

p. **Lender Liability:** The attached order does not impose liability on the Lender, Capital Holdings.

q. **Extraordinary Circumstances:** Given the fragility and value of the Archive, and the current Chapter 7 Case, the Trustee seeks the relief under extraordinary circumstances as described below.

r. **Subordination:** Prior to the Petition Date, two secured creditors of the Debtor, Desiree Rogers and Linda Johnson Rice, withdrew the Archive from their collateral base

6

3474394 v3 -

and entered into Subordination Agreements with Capital Holdings (attached hereto as **Exhibit B;** the "Subordination Agreements"), pursuant to which they (among other things) (i) acknowledged that they had no lien on the Archive, (ii) subordinated their rights against the Debtor to the payment of obligations owed to the Lender and (iii) further agreed that the Lender may provide financing to the Debtor on terms and conditions satisfactory to the Lender (see Subordination Agreements, §§2,3) . The Line of Credit Agreement includes a finding by the Court that the Subordination Agreements permit the financing requested herein. (Proposed Order, ¶1(b)).

## BACKGROUND

A.     **The Debtor's Bankruptcy Case**

5.     On April 9, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed Miriam R. Stein as the Trustee for the Estate.

6.     Pre-petition, Capital Holdings loaned the Debtor $12,000,000 pursuant to the Loan Agreement and secured such loan by taking a priority security interest in the Archive. Capital Holdings filed a UCC financing statement against the Debtor, stating the Archive as its collateral, in the office of the Delaware Secretary of State on May 11, 2015 (Filing No. 2015 1998755). Capital Holdings alleges that the Debtor is in default of this loan and that the current amount owed (including principal and unpaid interest) is approximately $13,600,000. The Debtor does not dispute its indebtedness to Capital Holdings.

7.     On April 22, 2019, Capital Holdings filed its Motion for Relief from the Automatic Stay (the "Stay Relief Motion"). [Dkt. No. 19] This Motion is part of the Trustee's agreement with Capital Holdings resolving its request for stay relief.

**B.    The Archive**

8.    The Archive is a massive collection of photographs (and their negatives), video and audio tapes or cassettes which captures African American History over the past seventy years. Pre-petition, the Debtor let the insurance lapse on the Archive. As a result, as of the Petition Date, the Archive was uninsured. The Trustee obtained insurance for the Archive on a temporary basis subject to entry of an order approving the funding requested herein.

**C.    The Estate's Need for the Loan**

9.    The Trustee believes that the Archive, if marketed and sold properly, could be sold for an amount substantially in excess of Capital Holdings' secured claim (including amounts advanced hereunder and Capital Holdings' attorneys' fees and expenses). The Trustee has received several indications of interest from credible, well-funded sources seeking to acquire the Archive. In order to conduct such marketing and sale, however, the Estate needs to fund certain costs, most critically, insurance. The insurance, moving and storage costs are all necessary to adequately preserve the Archive and the cultural and financial value therein. Given the fragility of the items in the Archive, it is imperative that the Trustee be permitted to use funds from the Loan as soon as practicable, to best ensure the maintenance of the Archive.

**D.    Capital Holdings and the Loan Agreement**

10.    Capital Holdings is the Debtor's pre-petition secured lender and the largest creditor of the Estate. Capital Holdings is aware of the Estate's financial condition and has informed the Trustee that it wants the Trustee to be able to market the Archive. To that end, Capital Holdings offered to loan the Estate funds pursuant to the terms herein. The Trustee and Capital Holdings negotiated in good faith and at arms-length as to all of the terms of the Loan.

As a result, Capital Holdings is a good faith lender for purposes of Section 364(e) of the Bankruptcy Code.

## RELIEF REQUESTED

11. By this Motion, the Trustee requests that this Court enter an order authorizing and approving the Loan initially on an interim basis in order to avoid irreparable harm to the Archive (through the purchase of insurance) and maximize its value (through a marketing and sale process culminating in an auction).

## BASIS FOR RELIEF

12. The Trustee seeks to enter into the Line of Credit Agreement pursuant to Section 364(c) of the Bankruptcy Code. Section 364 states in relevant part:

> …(b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503 (b)(1) of this title as an administrative expense.
>
> (c) If the trustee is unable to obtain unsecured credit allowable under section 503 (b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—
>
> (1) with priority over any or all administrative expenses of the kind specified in section 503 (b) or 507 (b) of this title;
>
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
>
> (3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364.[2] The Trustee can easily satisfy all of these conditions.

13. In this case, the Trustee is unable to obtain unsecured credit allowable under § 503(b)(1) of the Bankruptcy Code as an administrative expense. The Trustee sought credit from

---

[2] In this case, section 364(a) is inapplicable as the Trustee is not authorized to operate the business of the Debtor.

3474394 v3 -

an alternative source which offered to provide funding only on a secured basis (including through a junior lien on the Archive which was not acceptable to Capital Holdings) and at much higher cost to the Estate than that offered by Capital Holdings. In addition, it is the Trustee's experience that obtaining unsecured credit for a chapter 7 estate is extremely unlikely.

14. Capital Holdings' proposal to the Trustee included provisions to secure the Loan, and Capital Holdings has indicated that it will not make the Loan without such security. Additionally, the Collateral is subject to a prior senior lien as referenced by Section 364(c)(2) of the Bankruptcy Code, but such lien is Capital Holdings' lien[3]. Lastly, the Trustee believes that the one percent (1%) interest rate set forth in the Loan Agreement is reasonable given the risk associated with the Loan. Therefore, the Court may authorize the Trustee to obtain credit secured by a lien on property of the Estate (the Archive and its sale proceeds) as set forth herein.

15. The Estate needs to pay for the insurance on the Archive immediately to prevent cancellation of the insurance. As a result, the Trustee requests approval of the funding on an interim basis (with respect to the insurance funding and moving expenses only) pursuant to Bankruptcy Rule 4001(c)(2). The Trustee requests that all funding requested herein be approved on a final basis after the fourteen (14) day notice period required by Bankruptcy Rule 4001(c)(2) has elapsed.

## NOTICE

16. The Trustee has provided notice of this Motion to: (a) the Debtor's counsel; (b) the United States Trustee for the Northern District of Illinois; (c) all parties which receive notice through the Court's ECF filing system; (d) all secured creditors; and (e) the twenty largest unsecured creditors of the Estate (collectively, the "Notice Parties"). Section 102(1) of

---

[3] Franklin Capital Holdings has a UCC on file alleging a security interest in all the Debtor's assets. However, such UCC was filed after the Capital Holdings' UCC and, based on information from the Debtor, the amount owed Franklin Capital is disputed by the Debtor and de minimis in amount.

the Bankruptcy Code defines "after notice and a hearing" to mean "such notice as is appropriate in the particular circumstances", and Bankruptcy Rule 4001(c)(2) authorizes the Court to provide notice of an interim financing hearing on less than the normal 14 days' notice applicable to hearings on final financing orders "to the extent necessary to avoid immediate and irreparable harm to the estate." Upon entry of the interim order, any entity other than a Notice Party will have an opportunity to review the interim order before the final hearing on this Motion (the "<u>Final Hearing</u>") and present any objections thereto.

17. Allowing the insurance on the Archive to lapse due to lack of funding would impose a potential substantial risk of irreparable harm to the Estate. All creditors and parties in interest presumably desire that the Archive be insured and properly protected in order to maintain its value. Given the urgency and importance of the interim relief requested herein and the ability of parties in interest to object to the Motion before the Final Hearing, the Trustee asserts that the notice hereof is sufficient for the circumstances and therefore requests that the Court waive any further notice of this Motion.

WHEREFORE, the Trustee respectfully requests that the Court enter an approving the financing requested and summarized herein, in substantially the form attached hereto, initially on an interim basis to be followed subsequently by a final order.

Dated:  May  3, 2019 **Miriam R. Stein, not individually, but solely in her capacity as the chapter 7 trustee for the bankruptcy estate of Johnson Publishing Company, LLC**

By:  */s/ N. Neville Reid*
Fox, Swibel, Levin & Carroll, LLP,
General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**

11

3474394 v3 -

200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201

3474394 v3 -